

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 30, 2023

**By Email**
The Honorable Laura Taylor Swain
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>**United States v. Julio Pazos Jordan**</u>
     **S1 22 Cr. 473 (LTS)**

Dear Judge Swain:

   The Government submits this letter in advance of tomorrow's bail hearing for defendant Julio Pazos Jordan. The defendant's crimes trigger a presumption against pretrial release. He is unable to overcome that presumption, and in any event is a danger to communities in Ohio and New York and a flight risk. The Court should order his detention pending trial in this case.

## Background

   Last summer, Julio Pazos Jordan conspired with others to traffic more than 50 firearms (including approximately 16 assault rifles), approximately 200 grams of methamphetamine, and a few grams of fentanyl, from Columbus, Ohio to the Bronx. He is charged in seven counts of a ten-count superseding indictment with firearms and narcotics trafficking offenses. Counts Nine and Ten of the Indictment, which charge narcotics trafficking and using a firearm during and in relation to narcotics trafficking collectively require a 10-year minimum term of imprisonment and trigger the presumption against pretrial release. *See* 18 U.S.C. § 3142(e)(3).

   The defendant is a member of the Insane Spanish Cobras gang in Columbus and was involved with both procuring guns in Ohio and transporting them to the New York. The defendant's principal partners in the scheme were his cousin, Cesar Vasquez Jordan, who is indicted in this case, and his younger brother, who is a minor and has been charged for the same conduct by the Bronx County District Attorney's Office. The gun and drug trafficking operation was run from the defendant's apartment in Columbus, which he shared with his mother and younger brother. The photographs below are taken from the defendant's cellphone, which was searched pursuant to a warrant. The first photograph, which was taken in January 2022, shows the defendant, in the middle, posing with firearms and other members of his gang. The second, which was taken in May 2022, shows the defendant, on the right, posing with firearms and his co-conspirators, Cesar Vasquez Jordan (on the left), and his younger brother (in the middle).





During the investigation of the defendant's trafficking conspiracy, the conspirators brought firearms to New York on five occasions. During one of those trips, on July 6, 2022, the defendant himself came to New York and interacted with the undercover agent who was posing as the buyer of the guns and narcotics. During that sale the defendant and his co-conspirators sold the

undercover agent 11 guns and 186 grams of methamphetamine. Photographs of those guns and of the defendant interacting with the undercover agent during the sale are below.





      The defendant was involved in the trafficking operation beyond the sale he was present for in New York. A firearms straw purchaser has told agents that in or about July and August 2022 the straw purchasers bought roughly 18 guns from a pawn shop for the defendant. And images taken from the defendant's phone show the defendant handling guns that would later be brough to New York in sales that the defendant did not personally attend. The first set of photographs shows the defendant with a gun that was brough to New York on June 17, 2022, and the second shows him with a gun that was brought to New York on August 11, 2022.

3






  The operation in Ohio worked out of the apartment the defendant shared with his brother and mother. Surveillance video captured the defendant's co-conspirators exiting the apartment with bags of firearms that were then brought to New York. Additionally, pictures that co-conspirators sent to the undercover agent or that were found on cellphones during searches show that the guns were openly and prominently kept in the apartment. The first photo below is taken from Cesar Vasquez Jordan's phone and shows many guns that were later brought to New York arrayed in a bedroom. The next two photos come from the defendant's phone and show a loaded AK-47 assault rifle in a dining room. The final two photographs show handgun in a living room with other guns in the background and a second AK-47 in a living room.









On August 11, 2022, three of the defendant's co-conspirators were arrested in New York when they brought more than 20 guns to the Bronx. The same day, a search warrant was executed at the defendant's apartment in Columbus, where the conspirators had kept their weapons cache. During that search, the defendant's cellphone was seized. The defendant was subsequently indicted, in early September 2022. Initial efforts to locate and arrest him were unsuccessful. A lead to locate him came in February when the defendant tried to buy a firearm and was rejected during a background check. He was arrested on May 18, 2023 in Columbus. When he was arrested, loose ammunition was found in his car.

## Argument

The defendant cannot rebut the presumption in favor of detention and no release conditions that the Court can fashion could reasonably protect the community or prevent the defendant from fleeing.

Where, as here, a defendant is charged with (i) a controlled substance offense with a maximum term of imprisonment that is greater than ten years and (ii) an offense under 18 U.S.C. § 924(c), there is a mandatory presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). The defendant cannot overcome this presumption in favor of detention. Furthermore, the (1) nature and circumstances of the offenses charged, (2) weight of the evidence against the defendant, (3) history and characteristics of the defendant, and (4) nature and seriousness of the danger to any person or the community that would be posed by the defendant's release weigh heavily in favor of detention in this case. *See* 18 U.S.C. § 3142(g). Consistent with the factors set forth in 18 U.S.C. §§ 3142(e)(3)(A) and (g), the defendant should be detained to protect the community and prevent his flight from prosecution.

The defendant bears the burden of producing evidence to rebut the presumption in favor of detention in this case. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). But even if

a defendant satisfies that initial burden, the presumption does not vanish; instead, it "remains a factor to be considered among those weighed by the district court." *Id*.

The defendant engaged in dangerous, coordinated conduct, that was calculated to put dozens of firearms into the hands of narcotics traffickers in the Bronx. Beyond his trafficking, the defendant also has a substantial and extended history of acquiring possessing firearms, as seen in the photographs on his phone. The defendant may not have prior convictions, but the evidence shows that he is far from a novice criminal.

The defendant and his co-conspirators operated their trafficking operation from the defendant's apartment. Because the defendant was able to run his gun trafficking from the apartment he shared with his mother and brother, the court should reject any argument that electronic monitoring will meaningfully mitigate the danger he presents to the community or that having family members sign a bond will carry any weight with him.

In addition to the clear danger he presents to multiple communities, the defendant also presents a flight risk. He is non-citizen charged with offenses carrying a 10-year mandatory minimum sentence, followed by mandatory deportation. As shown above the evidence against him is strong, and he has every incentive to flee now and avoid a certain, lengthy jail sentence, followed by his deportation. *See United States v. English*, 629 F.3d 311, 318 (2d Cir. 2011).

\*\*\*

Accordingly, for the reasons set forth above, and in light of the danger to the community and risk of flight, the Government respectfully submits that the defendant should be detained pending trial.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ *Andrew Jones*
    Andrew Jones
    Assistant United States Attorney
    (212) 637-2467